IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PAULETTE JACKSON,**

    Petitioner,

v.                                                            Civil Action No. **3:20CV731**

**MR. QUINTANA,**

    Respondent.

**MEMORANDUM OPINION**

Paulette Jackson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The matter is before the Court for preliminary review. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("Rules Governing § 2254 Cases") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[2] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

## I. Procedural History

Jackson pled guilty in this Court to health care fraud (Count One) and aggravated identity theft (Count Five). *United States v. Jackson*, 3:19CR20 (E.D. Va.) (ECF No. 56, at 1).[3] On May 29, 2020, the Court sentenced Jackson to twenty-four months on each count, to be served consecutively. *Id.* at 2. On August 24, 2020, Jackson filed a 28 U.S.C. § 2255 motion with this Court challenging her convictions and sentence. *Id.* ECF No. 62.

On September 16, 2020, Jackson filed the instant § 2241 Petition with this Court. (ECF No. 1.) In her § 2241 Petition, Jackson contends that she is entitled to relief because her indictment was "[f]abricated." (*Id.* at 6.) As discussed below, Jackson fails to demonstrate that she may use § 2241 to obtain relief.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996);

---

[3] The Court employs the pagination assigned to Jackson's § 2241 Petition by the CM/ECF docketing system.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[5]

---

[5] Until *Wheeler*, a petitioner was not permitted to challenge his or her sentence without showing that the underlying *conviction* was invalid:
> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

Jackson fails to satisfy any of the prongs of the *Wheeler* or the *In re Jones* tests. Indeed, Jackson offers no explanation as to why 28 U.S.C. § 2255 is inadequate to test her convictions and sentence. (ECF No. 1, at 5.)

### III. Conclusion

For the foregoing reasons, Jackson's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 15 December 2020  
Richmond, Virginia

/s/  
John A. Gibney, Jr.  
United States District Judge